UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO BOINS-PLUNKETT,<br><br>                         Plaintiff,<br>  v.<br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                         Defendant. | CASE NO. 14cv00714 BTM(NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

    Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("SSA") has filed a motion to dismiss the Complaint for lack of subject matter jurisdiction. For the reasons discussed below, Defendant's motion is **GRANTED**.

## I. BACKGROUND

    Plaintiff Pablo Boins-Plunkett brought this action challenging the SSA's suspension of his retirement benefits. Plaintiff argues that the SSA's denial of his benefits on ground that he does not have current valid immigration status and needs to obtain a new Form I-94 from the Department of Homeland Security ("DHS") to legalize his alien status is erroneous because he was told otherwise by Customs and Border Protection ("CBP"), an agency of DHS.

While Plaintiff's complaint is a brief half-page argument citing no particular statute or legal basis, Defendant rightly construes the claim as a petition for judicial review of agency action under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 405(g).

According to Defendant's motion, the procedural history of this case began when Plaintiff filed for, and was granted, Social Security retirement benefits on January 24, 2012. However, shortly thereafter in February 2012, the SSA suspended payment of Plaintiff's benefits because its agents determined that Plaintiff was not a United States citizen and did not have legal immigration status. Plaintiff proceeded to file this action on March 28, 2014, but to this day has not sought a remedy within the SSA. Defendant thereafter determined that Plaintiff lacked valid immigration status by accessing DHS's Systematic Alien Verification for Entitlements (SAVE) Program and also obtained direct DHS confirmation that Plaintiff's legal status expired in 2007.

## II. DISCUSSION

Defendant argues that this action should be dismissed because Plaintiff has failed to exhaust his administrative remedies. The Court agrees.

Judicial review under the Act is available only after the aggrieved party exhausts administrative remedies. Section 405(g) imposes, <u>inter alia</u>, a waivable requirement that the applicant exhaust the administrative remedies prescribed by the SSA, and bars judicial review of any denial of benefits until after a "final decision" by the Secretary after a "hearing." <u>Mathews v. Eldridge</u>, 424 U.S. 319, 328 (1976). Exhaustion is required as a matter of preventing premature interference with agency processes, so that the agency may function

/ / /
/ / /
/ / /

efficiently and have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record adequate for judicial review.  Weinberger v. Salfi, 422 U.S. 749, 764 (1975).  However, exhaustion need not be satisfied if further administrative review is deemed futile. Id. at 765.

The limited record here shows that Plaintiff has not exhausted his administrative remedies because he has not sought reconsideration of the agency's initial February 2012 determination denying his retirement benefits. Plaintiff has not exhausted his administrative remedies because he did not take any one of the four-steps outlined in the Act's process for exhaustion. See 20 C.F.R. §§ 416.1400(a)(1)-(5) (setting out the process for exhaustion as follows: (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge (ALJ); (4) Appeals Council review; and (5) federal court review).  Defendant argues that requiring Plaintiff to exhaust his administrative remedies would not be futile because, despite Plaintiff's argument that CBP told him that it would not issue him a new I-94, DHS confirmed  that Plaintiff needs to obtain the new I-94 to cure the defect in his immigration status.  The Court agrees that since the SSA's initial denial of benefits is based on the Plaintiff's current illegal status, filing for reconsideration is not necessarily futile.  He may raise the same issues raised here on reconsideration, and if unsuccessful, before the ALJ and then the Appeals Council.  This conclusion and the resulting order are based on the assumption that Plaintiff is not otherwise barred from seeking agency reconsideration. See e.g., 20 C.F.R. § 416.1405 (stating that an initial agency determination is binding unless the applicant requests reconsideration within the stated time period, or the SSA otherwise revises its initial determination).

/ / /

/ / /

Factual allegations asserted by the *pro se* petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519-20 (1972).  Therefore, the Court construes Plaintiff's reply that CBP denied him a new I-94 as raising the "futility" argument.  Nevertheless, Plaintiff's argument is insufficient to overcome the § 405(g) exhaustion requirement because Plaintiff can simply raise the same argument within SSA proceedings.

Consequently, the Court finds that Plaintiff has failed to exhaust his administrative remedies, the Court lacks jurisdiction over the action, and the matter should be dismissed without prejudice pursuant to Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1036 (9th Cir. 2004) (explaining that where the Court lacks subject matter jurisdiction, the claims should be dismissed without prejudice).

### III.  CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss the Complaint is **GRANTED**.  This action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

DATED:  December 5, 2014

                                                                           *Barry Ted Moskowitz*
                                                                           BARRY TED MOSKOWITZ, Chief Judge
                                                                           United States District Court